**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-cv-00942-PAB-KLM

COLORADO CAPITAL BANK

    Plaintiff,

v.

UNITED STATES OF AMERICA

    Defendant.

**RESTRAINING ORDER**

AND NOW, this  28th  day of April, 2009, upon the Stipulation Re: Temporary Restraining Order of Plaintiff Colorado Capital Bank ("**Bank**"), and of Defendant United States of America ("**United States**"), it is hereby ORDERED, ADJUDGED AND DECREED as follows:

    1.    The Court has subject matter jurisdiction over the claims in this civil action pursuant to 28 U.S.C. § 1346(e), because the district courts have original jurisdiction of any civil action against the United States provided in section 7426 of the Internal Revenue Code of 1986.

    2.    In a wrongful levy action, venue is proper under 28 U.S.C. § 1402(c) in the judicial district where the property is situated, when the levy occurred. The United States District Court for the District of Colorado is the proper venue for this civil action, because the Shares (defined below) were physically located in Colorado when the levy occurred.

3. The Bank has turned over Eric S. Hemingway's 3,000 certificated shares of Bankvest, Inc. stock, evidenced by certificate numbers 1176 and 1453 (the "**Shares**") to the Internal Revenue Service ("**IRS**").

4. Under Section 7426 of the Internal Revenue Code, the Court may grant an injunctive relief to prohibit the sale of property levied upon by the IRS. *See* 26 U.S.C. § 7426(b)(1).

5. The United States and its agencies (including the U.S. Department of Treasury and the Internal Revenue Service), and all of their officers, agents, servants, employees and attorneys, and those persons in active concert with them who receive actual notice of this order by personal service or otherwise (the "**Enjoined Parties**"), are hereby enjoined from selling, transferring or assigning the Shares to anyone, until this Court orders otherwise.

6. If the Enjoined Parties sell, transfer or assign the Shares in violation of this Court's order, then such sale, transfer or assignment of the Shares shall be *void ab initio*, which shall be in addition to any other remedies that this Court deems just and proper.

7. The Bank shall not be responsible for any action or inaction by the Enjoined Parties with respect to the Shares, so long as the Bank is not in physical possession of the Shares.

8. Nothing in this Order will preclude either party from making any and all claims, defenses, counterclaims, and/or causes of action to which it may be entitled, whether known or unknown, or preclude either party from requesting additional or different relief in a subsequent preliminary or permanent injunction hearing, and the parties reserve all rights and arguments that they have.

**IT IS SO ORDERED.**

DATED April  28 , 2009.        s/Philip A. Brimmer_____
                               Judge Philip A. Brimmer

**AGREED:**

Respectfully submitted,

HATCH JACOBS LLC

*s/ Daniel L. Bray*
Mark F. Bell, Reg. No. 21049
Daniel L. Bray, Reg. No. 37924
*Attorneys for Plaintiff*
Hatch Jacobs LLC
950 Seventeenth St., Suite 1700
Denver, CO 80202
Telephone: (303) 298-1800
Fax: (303) 298-1804
Email:  mbell@hatchlawyers.com;
dbray@hatchlawyers.com


DAVID M. GAOUETTE
Acting United States Attorney

*s/ Karen L. Pound*
KAREN L. POUND
Trial Attorney, Tax Division
U.S. Department of Justice
*Attorneys for Defendant*
P.O. Box 683
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 514-6507
Fax: (202) 307-0054
Email:  karen.l.pound@usdoj.gov